**FILED**

08cv5185
**JUDGE CASTILLO**
**MAGISTRATE JUDGE VALDEZ**

SEP 11 2008 *LCW*

*SEP 11 2008*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | Northern District of Illinois |
|---|---|
| Name (under which you were convicted): CHRIS NOVAK | |
| Place of Confinement: FMC Lexington, | Prisoner No.: 19155-424 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |

v. CHRIS NOVAK

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

   (b) Criminal docket or case number (if you know): 06 CR 897-2

2. (a) Date of the judgment of conviction (if you know): October 3, 2007

   (b) Date of sentencing: December 14, 2007

3. Length of sentence: 97 months

4. Nature of crime (all counts): Conspiracy to distribute and poss. W/I to distribute cocaine, violation of Title 21 U.S.C. §§ 841(a) & 846

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   Remaining count dismissed

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐
   N/A

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?  Yes ☐  No ☒

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

N/A

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑  No ❑

(2) Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more
than four grounds. State the _facts_ supporting each ground.

GROUND ONE: Ineffective Assistance of Counsel at Sentencing._____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____(See Memorandum Attached)_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____No Appeal was filed_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND TWO: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __Denial of Effective Assistance of Counsel is best preserved for collateral attack.__

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Mr. Nishay Sanan, 327 S. Plymouth Court Suite 200, Chicago, ILL 60604__

(b) At arraignment and plea: _____ Same _____

(c) At trial: _____ Same _____

(d) At sentencing: _____ Same _____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* _____

_____

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:  __See Attached Memorandum__

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ 08-25-08 (month, date, year).


Executed (signed) on _08-25-08_____ (date).


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____


\* \* \* \* \*

## MEMORANDUM IN SUPPORT

### LIBERAL CONSTRUANCE:

Defendant Novak is proceeding pro se and without the aid of counsel, therefore, he seeks Liberal Construction of his pleadings. ("A document filed pro se is 'to be liberally construed,' Estelle v. Gamble, 429 U.S. 97, 106 (1976), and, 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than those pleadings drafted by layers.'") See ERICKSON v. PURDUS, 167 L.Ed. 2d (2007) n. 3.

### GROUND FOR RELIEF:

GROUND ONE:     INEFFECTIVE ASSISTANCE OF
                COUNSEL AT SENTENCING

Petitioner contends that his sentencing counsel, Attorney Nishay Sanan, ("hereinafter, Mr. Sanan"), denied him effective assistance of counsel when Mr. Sanan failed to carry-out his pre-sentence assurance to Petitioner to seek a minor role reduction in Petitioner's base offense level and, when Mr. Sanan failed to seek a minor role reduction based on the facts before the court of his limited participation in the offense.

page 1

**SUPPORTING FACTS:**

On October 3, 2007, Petitioner entered a plea of guilty to count 1 of his indictment which charged Petitioner, and others, with conspiracy to distribute and possession with intent to distribute cocaine, in violation of Title 21 U.S.C. § 846. Thereafter, a sentencing date was set. Prior to sentencing, however, Petitioner and Mr. Sanan had met on at least three occasions to discuss the pre-sentence report, ("PSR"), and the sentence that counsel would seek for Petitioner at sentencing. In discussing these matters with Petitioner Mr. Sanan specifically stated to Petitioner the following.

> "Given that this conspiracy was pretty
> extensive involving many participants
> and a substantial amount of cocaine,
> I will ask the court for a reduction
> in your offense level ... because your
> involvement was minor compared to the
> others."

(See Petitioner's sworn affidavit, Exhibit A).

Petitioner responded to these comments from Mr. Sanan with approval and said "Okay." On December 14, 2007, this Court conducted Petitioner's sentencing. During these proceedings Mr. Sanan made objections to the PSR which this Court heard. However, in making these objections Mr. Sanan did not request the Court to reduce Petitioner's offense level for minor participant as counsel had assured Petitioner he would do at

page 2

sentencing. Nevertheless, this Court sentenced Petitioner to 97 months imprisonment and the proceedings were concluded.

## STANDARD OF REVIEW:

When analyzing counsel's performance at sentencing, the United States Supreme Court has held that the test of Strickland v. Washington, 466 U.S. 668, 687 (1984), applies. See GLOVER v. UNITED STATES, 531 U.S. 198 (2001).

## LAW AND ARGUMENT:

Under § 3B1.2(a), a four-level reduction is available for minimal participants. Under § 3B1.2(b), a two-level reduction is available for minor participants. In Application Note 5 a minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal."

In Petiitoner's case here, Petitioner played a minimum/ minor role in the offense. In his statement of facts accepted by this Court Petitioner role was one of a purchaser of cocaine for re-distribution. The amounts Petitioner was held accountable for was far less than the amount determined by the government and the Court to be attributed to the entire conspiracy and other participants. In fact, the government's evidence showed that other participants were involved in the distributing of more than one hundred and fifty (150) kilograms of cocaine compared to Petitioner's distribution of 3.5 to 5 kilograms of cociane. In addition, the conspiracy lasted from 2001 to

2005, however, the evidence showed that Petitioner was only involved from 2003 to 2005. Finally, Petitioner was not a courier, nor was he involved with any day-to-day activities with the other participants.

Here, the facts before this Court show that Petitioner's participation in the offense was limited in time, association and illegal activity. Thus, Petitioner was well positioned to recieve a reduction in his base offense level.

COUNSEL'S DEFICIENT PERFORMANCE:

Although the facts prevailing at the time of Petitioner's sentencing in this Court show that Petitioner qualified for a minor role reduction and, although Mr. Sanan had assured Petitioner that he would seek such reduction at sentencing, Mr. Sanan did not do so. Petitioner relied substantially on counsel's guidence and assurances through-out his proceedings and particularly at the sentencing phase of his proceedings. Thus, Petitioner had a well founded expectation that his counsel would carry-out his assurances and seek this reduction. However, Mr. Sanan's failure to seek this reduction left Petitioner without the guidence at a time Petitioner's liberty interest were at stake. Therefore, Petitioner contends that Mr. Sanan performed unreasonably under the prevailing circumstances that existed at the time of his sentencing.

**PREJUDICE:**

In GLOVER the Supreme Court held that prejudice exist when, but for counsel's action or inaction, the movant would have received a shorter sentence. Id. at 202-04.

Here, had Mr. Sanan presented this Court with the proper facts and information at sentencing and made his request for a minor role reduction Petitioner would have a sentence less than the 97 month sentence he is currently serving. At sentencing this Court determined that Petitioner's base offense level would be a level 29, criminal history II, a sentencing range of 97 to 121 months imprisonment. However, with this 2 level reduction Petitioner's base offense level would have been 27, criminal history II, a sentencing range of 78 to 97 months inprisonment. A sentence at the low end would have resulted in a sentence of 78 months for Petitioner. This is 19 months less time incarcerated for Petitioner. Under GLOVER, Petitioner suffered Prejudice.

For all the reasons set forth herein, Petitioner asks this Court to grant him relief in the form of either a new sentencing hearing or an evidentiary hearing pursuant to Title 28 U.S.C. § 2255.

Respectfully submitted,

Mr. Chris Novak, Pro se

page 5

<u>SWORN DECLARATION OF PETITIONER CHRIS NOVAK</u>

I, Chris Novak, am the affiant in this matter. The information set forth herein and in my § 2255 pleadings is true and correct to the best of my first-hand knowledge. I declare under the penalty of perjury that the following is true and correct. This declaration is made pursuant to Title 28 U.S.C. § 1746(2).

First, I would like to state here that this declaration is in no way an attempt by myself to paint a bad picture of my former attorney Mr. Sanan.

After I had entered my plea of guilty in this Court Mr. Sanan and I had met on several different occasions concerning my sentence and the pre-sentence report. At one of these meeting Mr. Sanan told me that he would try to get me a 60 month sentence, In telling my sentencing possibilities Mr. Sanan specifically told me at one of these meetings that "given that this conspiracy was pretty extensive involving many participants and a substantial amount of cocaine, I will ask the court for a reduction in your offence level, probably 2 levels, because your involvement was minor compared to the others." I responded by saying okay.

When I went to my sentencing I was expecting Mr. Sanan to seek this reduction for my minor role, but he did not do so as I have come to discover. To be honest with the court I did not know exactly what Mr. Sanan was seeking at my sentencing. I do know from reviewing my sentencing documents that no request for a minor role reduction was made for me by Mr. Sanan as he promised he would do. Had I known that he did not do so at my sentencing and had I known that under § 3B1.2(a) that such request could be made I likely, or, would have remined Mr. Sanan at sentencing about the reduction or asked the court myself for it. However, I totally relied on Mr. Sanan's promises to me and his guidence at my sentencing.

<u>FURTHER AFFIANT SAYETH NAUGHT</u>

Chris Novak, Affiant

08-25-08